IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE § | | |
| COMPANY, a/s/o EXPACK § | | |
| SEAFOOD, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-2605 |
| § | | |
| ATS LOGISTICS SERVICES, INC., § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("ATS's Motion") [Doc. # 19] filed by Defendant ATS Logistics Services, Inc. d/b/a Sureway Transportation Company ("ATS"), to which Plaintiff Fireman's Fund Insurance Company a/s/o Expack Seafood, Inc. ("Expack") filed a Response [Doc. # 20]. Expack also filed its own Motion for Summary Judgment ("Plaintiff's Motion") [Doc. # 21], to which ATS filed a Response [Doc. # 22]. The Court has carefully reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **grants** ATS's Motion and **denies** Plaintiff's Motion.

### **I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

Expack imports frozen shrimp for sale at HEB grocery stores in Texas. In July 2006, Expack had a shipment of frozen shrimp stored in a storage facility owned by

VersaCold Logistics, LLC ("VersaCold").  Expack hired ATS to arrange for transportation of the shrimp from VersaCold's facility in Houston to HEB warehouses in Houston and San Antonio.  ATS hired Famco Transportation ("Famco")[1] to transport the shrimp by refrigerated truck.

Famco delivered half of the frozen shrimp to the HEB warehouse in Houston without incident.  When Famco's driver arrived at the HEB warehouse in San Antonio, however, he waited for several hours before being told to take the shrimp to a VersaCold facility in San Antonio.

The uncontroverted evidence shows that Famco's driver took the shrimp to the VersaCold facility.  At that facility, the driver was instructed to back the truck up to a particular delivery area and to open the door so the shrimp could be unloaded from the truck into the storage facility.  As instructed by VersaCold's employee, the Famco driver waited for the shrimp to be unloaded.  After waiting for over an hour with the truck's doors open, a quality control employee of VersaCold determined that the temperature in the truck was above zero and advised the driver that he would not accept the delivery.

---

[1]  Famco is owned by third-party defendant Yudel Guajardo.

Famco arranged for the shrimp to be unloaded into VersaCold's facility to be inspected by a representative of the United States Department of Agriculture ("USDA"). The inspector examined the shrimp and found that it was "fit for Human Consumption." *See* Lot Inspection Certificate, Exh. C to ATS's Motion. Plaintiff hired the firm of Dufour, Laskay & Strouse, Inc. ("DLS") to inspect the shipment. DLS examined the shrimp on August 1, 2006, and determined that the shrimp appeared to have thawed and refrozen and, therefore, "was not first quality and could not be utilized for its intended purpose and trade [but] could be used on a secondary basis." *See* DLS Report, Exh. C to Plaintiff's Motion. HEB refused to accept the shipment of shrimp.

On July 18, 2008, Fireman's Fund Insurance Company as the subrogated underwriter of Expack filed this lawsuit against ATS in Texas state court. Following timely removal of the case to federal court, ATS filed a Third-Party Complaint [Doc. # 11] against Diana and Yudel Guajardo d/b/a Famco Transportation. After an adequate time for discovery, ATS and Expack each filed a motion for summary judgment. The motions are now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the

nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

Plaintiff has asserted a cause of action against ATS "as a common carrier of goods for hire." *See* Complaint [Doc. # 1], p. 3. Plaintiff also alleged that ATS was negligent, breached a bailment relationship, and breached a contract. *See id.* ATS seeks summary judgment on each of these claims.

### A.   Common Carrier Claim

Plaintiff alleges that ATS breached its duties as a common carrier.[2] ATS has moved for summary judgment on this claim, arguing that it is not a motor carrier but is, instead, a broker. For purposes of common carrier liability, a "broker" is a person,

---

[2]   In its Response to ATS's Motion and in its own Motion for Summary Judgment, Plaintiff refers to a claim under the Carmack Amendment. Shipments of frozen shellfish, including frozen uncooked shrimp, are specifically exempted from the Carmack Amendment. *See* 49 U.S.C. § 13506(a)(6)(D); 49 C.F.R. § 372.115.

"other than a motor carrier or an employee or agent of a motor carrier," that arranges for transportation by motor carrier for compensation. 49 U.S.C. § 13102(1).

In support of its argument, ATS has presented the affidavit of its Operations Manager, Paul Killmer, who states under oath that ATS is a "broker of transportation services." *See* Affidavit of Paul Killmer, Exh. D to ATS's Motion. ATS has also presented the deposition testimony of Yudel Guajardo, who testified that ATS is a freight broker. *See* Deposition of Yudel Guajardo, Exh. A to ATS's Motion, p. 6.

Expack argues that there is a fact dispute regarding whether ATS is a broker or a freight forwarder[3] for purposes of common carrier liability. Expack has not, however, presented any evidence that creates a genuine fact dispute. The only evidence in the record on this issue is the Killmer Affidavit and the Guajardo deposition testimony, which both state under oath that ATS is a broker. ATS is entitled to summary judgment on the claim that it breached common carrier duties.

**B.    Bailment Claim**

Plaintiff alleges that ATS breached a bailment relationship. A "bailment relationship requires the bailee to take possession and control of the bailor's personal property." *Delaney v. Assured Self Storage*, 272 S.W.3d 837, 839 (Tex. App. --

---

[3]    A "freight forwarder" is an entity that assembles and consolidates shipments to be transported by a motor carrier. *See* 49 U.S.C. § 13102(8).

Dallas 2008, no pet.) (citing *Hoye v. Like*, 958 S.W.2d 234, 237-38 (Tex. App.-- Amarillo 1997, no pet.); *Allright Auto Parks, Inc. v. Moore*, 560 S.W.2d 129, 130 (Tex. Civ. App.-- San Antonio 1977, writ ref'd n.r.e.)). Additionally, the plaintiff must present evidence that demonstrates that the "entity sought to be charged as bailee knew that it was assuming such relationship and responsibilities before it is charged with the duties of bailee." *Delaney*, 272 S.W.3d at 839.

ATS has presented evidence that it operates only as a broker of transportation services, does not generally take physical possession of the goods being shipped, and did not take physical possession of the shipment in this case. *See* Killmer Aff., ¶¶ 4-5. Plaintiff has not presented any evidence that ATS took physical possession of the shipment of shrimp. Plaintiff argues that Famco took possession of the shipment as ATS's agent, but there is no evidence that Famco was acting in any capacity other than as an independent contractor hired to transport the shrimp.[4] Moreover, Plaintiff has presented no evidence that ATS understood at any point that it was assuming a bailment relationship. Plaintiff has failed to present evidence that raises a genuine

---

[4] Plaintiff did not plead that ATS has any liability under a respondeat superior or other agency theory. In any event, the Carrier/Broker Agreement (Exh. B to ATS's Response) at paragraph 10 provides specifically that Famco is acting only as an independent contractor, and Plaintiff has presented no evidence to the contrary.

issue of material fact that ATS was a bailee of the shrimp. ATS is entitled to summary judgment on Plaintiff's bailment claim.

### C. Negligence Claim

Plaintiff also asserts a negligence claim against ATS, alleging that ATS "negligently fail[ed] to transport and deliver the cargo in the same good manner in which it was received." *See* Complaint, p. 3. A cause of action for negligence requires proof of three essential elements: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that legal duty; and (3) damages that were proximately caused by the breach. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002); *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 310 (Tex. App. -- Houston [1st Dist.] 2007, no pet.).

In this case, ATS owed Expack a duty to arrange for proper transportation of the shrimp. There is no evidence that ATS breached this duty. The only evidence in the record shows that ATS hired Famco to transport the shrimp. There is no evidence that Famco is not a reputable, capable trucking company. Moreover, the only evidence in the record is that Famco delivered the shrimp to HEB in San Antonio as it was required to do. HEB, however, did not have room to accept delivery and directed Famco to deliver the shrimp to VersaCold. There is no evidence ATS controlled the events at HEB or at the VersaCold facility. Indeed, Yurel Guajardo

testified in his deposition that generally, once a truck arrives at the VersaCold facility, the driver is subject to the control of VersaCold employees regarding how to maneuver the truck and handle the shipment. *See* Guajardo Depo., pp. 24-26.

Plaintiff has not presented any evidence that ATS breached any duty it owed to Plaintiff and, therefore, ATS is entitled to summary judgment on Plaintiff's negligence claim.

### D. Breach of Contract Claim

Plaintiff alleges that ATS breached a contract with Expack. "The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Bank of Texas v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex. App. -- Houston [1st Dist.] 2008, review denied). In response to discovery requests in this case, Plaintiff identified the Bill of Lading, or Shipping Order (attached as Exhibit A to Plaintiff's Motion) as the contract between the parties.[5] The Bill of Lading provides that the "company" agrees to carry

---

[5] Plaintiff also identified the following documents as supporting its contention that it entered into a contract with ATS: the pallet control receipt which appears to be a receipt for $72 for unreturned pallets; an invoice issued to collect transportation charges relating to the shipment at issue; a load confirmation sheet between ATS and Famco; and pages from a seafood inspection performed at the request of Yudel Guajardo after HEB rejected the shipment. None of these documents constitutes a contract between ATS and Expack.

the shrimp to its usual place of delivery and identifies the "company" as any "person or corporation in possession of the property . . .." *See* Bill of Lading, Exh. A to Plaintiff's Motion. As was discussed above, there is no evidence that ATS was ever "in possession" of the shrimp. Additionally, the only evidence in the record indicates that the Bill of Lading was created by VersaCold, the storage facility where Famco picked up the shipment for transport to HEB warehouses in Houston and San Antonio. Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding the existence of a contract with ATS.

Even if the Bill of Lading constituted a contract between Expack and ATS, Plaintiff has failed to present evidence that raises a genuine issue of material fact on the issues of breach and causation. The Bill of Lading merely requires delivery of the shipment in good condition. There is no evidence that ATS failed to deliver the shipment as directed or that the shipment did not arrive at the VersaCold facility in San Antonio in good condition. As was discussed above, the only evidence in the record shows that the lengthy delay by VersaCold employees in unloading the shipment and/or Famco's keeping the truck doors open at VersaCold's direction may have caused damage, if any, to the shipment.

Plaintiff has failed to present evidence to support its breach of contract claim against ATS and, as a result, summary judgment in favor of ATS on this claim is granted.

## IV.   CONCLUSION AND ORDER

Plaintiff has not presented evidence that raises a genuine issue of material fact to support its claims against ATS.  As a result, it is hereby

**ORDERED** that ATS's Motion for Summary Judgment [Doc. # 19] is **GRANTED** and Plaintiff's Motion for Summary Judgment [Doc. # 21] is **DENIED**. It is further

**ORDERED** that ATS shall file by **August 7, 2009**, a written status report regarding any claims it continues to pursue against Third-Party Defendants Diana and Yudel Guajardo d/b/a Famco Transportation.

SIGNED at Houston, Texas, this **30th** day of **July, 2009**.

_____
Nancy F. Atlas
United States District Judge